## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LYDIA CESMAT, | Civil No. 14-968 (JRT/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| MARK MUELLER, PLLC, MARK MUELLER, and BREANNE VAN DERMEER, | |
| Defendants. | |

---

John M. Dornik and William Christopher Penwell, **SIEGEL BRILL, PA**, 100 Washington Avenue South, Suite 1300, Minneapolis, MN  55401, for plaintiff.

George W. Soule and Kevin P. Curry, **SOULE & STULL LLC**, Eight West Forty-Third Street, Suite 200, Minneapolis, MN  55409, for defendants.


After conducting a sua sponte review of Plaintiff Lydia Cesmat's amended complaint in this action, the Court has determined that certain issues related to the Court's subject matter jurisdiction must be addressed before the action may proceed.  *See Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001) ("[I]n cases implicating subject matter jurisdiction, federal courts are obliged to raise the issue su[a] sponte even where the parties themselves have failed to do so.").

Cesmat brought her amended complaint invoking the Court's jurisdiction under 28 U.S.C. § 1332, which provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interests and costs,

and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties."  *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  As the party seeking to invoke the Court's jurisdiction, Cesmat bears the burden of pleading facts that are sufficient to establish the existence of diversity jurisdiction.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

Cesmat alleges in the amended complaint that she resides in Minnesota, and that Defendant Mark Mueller, PLLC is a Texas professional limited liability company with its principle place of business in Austin, Texas.  (Am. Compl. ¶¶ 1-2, Apr. 15, 2014, Docket No. 6.)  Cesmat does not allege the citizenship of Defendants Mark Mueller and Breanne Van Dermeer, although she alleges that they are or were "affiliated" with Mueller Law, PLLC and that the present lawsuit is "between citizens of different states."  (*Id.* ¶¶ 3-4.)

These citizenship allegations are wholly deficient.  First, Cesmat's allegations apparently targeted at her own citizenship allege only that she is a resident of Minnesota. But residency and citizenship are not synonymous for purposes of diversity jurisdiction. *See Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *see also Texaco-Cities Serv. Pipe Line Co. v. Aetna Cas & Sur. Co.*, 283 F.2d 144, 145 (8th Cir. 1960) ("It is diversity of citizenship and not diversity of residence which gives a federal court jurisdiction in a case where the requisite jurisdictional amount is in controversy[,]" and "[a]n averment of residence is not the equivalent of an averment of citizenship, for the purposes of

jurisdiction in the courts of the United States.").  Therefore Cesmat's allegation about her own state of residency is inadequate to set forth with specificity her citizenship.

Second, with respect to Mark Mueller, PLLC, Cesmat alleges only that the entity is a Texas limited liability company with its principal place of business in Texas.  But, for purposes of diversity jurisdiction, a limited liability company's citizenship "is the citizenship of each of its members."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *see also GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Therefore "[t]o sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Because Cesmat has not identified the members of Mark Mueller, PLLC, nor alleged their citizenship, she has not met her burden of pleading facts demonstrating the existence of diversity jurisdiction.

Finally, with respect to the individual Defendants, Cesmat has made no citizenship allegations of any kind.  The allegation that these Defendants are affiliated with Mark Mueller, PLLC does not plead citizenship.  Nor is the general allegation that this action is between citizens of different states sufficient to meet the requirement that a complaint "set forth with specificity the citizenship of the parties."  *See Barclay Square Props.*, 893 F.2d at 969.

Because Cesmat's amended complaint does not allege the citizenship of the parties, she has failed to satisfy her burden of alleging diversity jurisdiction.

Furthermore, the Court notes that Cesmat has failed to allege the requisite amount in controversy to establish diversity jurisdiction, seeking an award only "in an amount in excess of $50,000." (Am. Compl. at 3.); *see* 28 U.S.C. § 1332(a) (explaining that the Court may exercise jurisdiction over completely diverse parties "where the matter in controversy exceeds the sum or value of $75,000"). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) ("[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." (internal quotation marks and alteration omitted)). Here, the allegations appearing on the face of the amended complaint do not establish the requisite amount in controversy, and therefore fail to provide a sufficient basis for the exercise of diversity jurisdiction

In light of these deficiencies, unless Cesmat files, within seven days of the date of this Order, an amended complaint that adequately alleges the Court's basis for exercising diversity jurisdiction, the Court will dismiss this action for lack of subject matter jurisdiction. *See O.C.T.G., L.L.P. v. Tube Techs., Inc.*, Civ. No. 10-796, 2010 WL 1416976, at *2 (D. Minn. Apr. 8, 2010) (finding that a complaint failed to adequately allege citizenship of the parties, but providing the plaintiff one week to "redress[] the deficiencies in its jurisdictional allegations").

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Cesmat shall redress the deficiencies set forth above within seven (7) days of the date of this Order.  If Cesmat fails to file a second amended complaint, or if, upon the Court's independent review, that complaint fails to redress the deficiencies identified, the Court will dismiss this action for lack of subject matter jurisdiction.

2.      The motion hearing scheduled before the Court for July 16, 2014 at 11:00 a.m. on Defendants' Motion to Compel Arbitration is hereby continued until further order of the Court.

DATED:  July 15, 2014                                    s/ John R. Tunheim
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    United States District Judge